JAMES LEVERETTE, JR., v. THE STATE.

*No. 759.   Decided December 2.*

1. **Perjury—Allegation and Proof—Variance.**—Where, in an indictment for perjury, the matter assigned as alleged was that accused had willfully, deliberately, and knowingly testified, that one S. did not use violently abusive language to him, nor in his presence or hearing, and did not in his presence and hearing call him a God damned son-of-a-bitch, and the proof was that accused had testified, "he knew nothing about the matter, and if the language was uttered he did not hear it nor remember it," *held*, a fatal variance between proof and allegation.

2. **Same—Charge of Court.**—On a trial for perjury, it is error to charge the jury as to the falsity of a material matter which matter is not covered by nor embraced in the assignment of perjury as laid in the indictment.

APPEAL from the District Court of Mills.   Tried below before Hon. W. A. BLACKBURN.

Appellant was indicted for perjury, committed by him as a witness on a trial in a Justice Court of one Colbert Sexton, for using violently abusive language of, to, concerning, and in the presence and hearing of said witness, and which language was reasonably calculated to provoke a breach of the peace.   On his trial for perjury, appellant was convicted, and his punishment assessed at imprisonment in the penitentiary for five years.   On this trial the proof was, that appellant had testified in the Justice Court, in the case against Sexton, that he knew nothing of the matter, and if the language was used by Sexton, he did not hear it or remember it.

In applying the law to the facts, the court instructed the jury as follows, viz.: "If the testimony in this case shows that on the 14th day of January, 1893, the said Colbert Sexton was on trial before Matt Roach, a justice of the peace of Mills County, Texas, upon a complaint made before the county attorney of Mills County, charging said Sexton with the offense set forth in said complaint and the warrant, both of which are in evidence before you, then you are charged that the question as to whether the said Sexton did or did not use the language attributed to him in the indictment in this case would be a material issue in said trial before said justice, and if the defendant is proved to have sworn falsely in regard to hearing or not hearing said language, then the falsity would be in regard to a material matter."

Appellant excepted specially to this charge, for the reason that the assignment of perjury as contained in the indictment is that Colbert Sexton "did" and that appellant as a witness swore that Colbert Sexton "did not," and not that appellant did hear; and he not being apprised by the indictment that the fact that he did hear, and swore he did not hear, would be relied on, which would be variant from the charge in the

indictment.  Appellant objected, that this charge was misleading in its character, and reasonably calculated to prejudice the jury; and that the charge in the indictment must be proved as alleged, and that the State held the burden of proof.  Appellant asked special charge limiting the conviction to the allegations in the indictment, which was refused by the court, and exceptions saved.

*Triplett & Doughty*, for appellant.—Where there is a variance between the specification in the indictment and the proof thereunder, the proof being as to matters not alleged, it is error for the court to charge that the matter so proved is a material matter.  Roberts v. The State, 2 Texas Cr. App., 4; Muely v. The State, 3 Texas Cr. App., 382; McGee v. The State, 4 Texas Cr. App., 625; Courtney v. The State, 3 Texas Cr. App., 258; Perry v. The State, 4 Texas Cr. App., 566; Warrington v. The State, 1 Texas Cr. App., 169; Randal v. The State, 12 Texas Cr. App., 250; Hill v. The State, 41 Texas, 253; Collins v. The State, 43 Texas, 577; Tooney v. The State, 5 Texas Cr. App., 163; Cooper v. The State, 22 Texas Cr. App., 419; Ferguson v. The State, 4 Texas Cr. App., 156; Melton v. The State, 24 Texas Cr. App., 287.

*R. L. Henry*, Assistant Attorney-General, for the State.—The language charged in the indictment was substantially proved as alleged.  The court fairly submitted the question, as to whether or not appellant testified to certain things.  This charge covered the points raised in the several bills of exception.

SIMKINS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at five years, from which he appeals.

In this case it is only necessary to consider one question, to-wit, the variance between proof and indictment.  In an altercation between appellant and one Sexton, in Mills County, on the 24th of December, A. D. 1892, both being under the influence of whisky, the said Sexton several times addressed the appellant with the words, "You God damned son-of-a-bitch."  The said Sexton was arrested, and tried on the 14th of January, 1893, before the Justice Court for the offense of using violently abusive language of and concerning said appellant, in the presence and hearing of appellant, under circumstances reasonably calculated to provoke a breach of the peace.  Penal Code, art. 314.  At the trial aforesaid appellant was present as a witness, and after being duly sworn, stated he knew nothing about the matter; and if the language aforesaid was uttered, he did not hear it nor remember it.  On the 23rd of March following, appellant was indicted for perjury.  The perjury assigned was, that the said James Leverette did willfully, knowingly, and deliberately testify that Colbert Sexton did not use violently abusive language to him,

the said James Leverette, in his presence and hearing, and did not in his presence and hearing call him "a God damned son-of-bitch." We are of the opinion that the facts proven do not sustain the charge of perjury as assigned, and there is a fatal variance between proof and allegation. While there is no doubt that perjury could have been assigned upon appellant's statement that he "did not hear or remember the language alleged to have been uttered by Sexton," yet the perjury here assigned is that appellant swore that Sexton did not use the language in question to him, nor in his presence; and the court erred in charging the jury, that if defendant is proved to have sworn falsely in regard to hearing or not hearing said language, then the falsity would be in regard to a material matter, for there was no assignment of perjury covering this proof and authorizing such a charge.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.